IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:08CV143-V

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Memorandum and Order |
| ) | |
| **MCGILL'S PACK and PRODUCE, and** ) | |
| **JERRY MCGILL,** ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Joe Hand Promotions, Inc.'s Motion For Summary Judgment (Documents ##10, 11), Defendant's "Counterclaim Affidavit To Plaintiff's Motion For Summary Judgment" (Document #14), and all related memoranda and exhibits.

**I. Background**

Plaintiff Joe Hand Promotions, a Pennsylvania corporation, is an international distributor of televised sporting events to the hospitality industry. (Compl. ¶4 / Pl.'s Mem. In Supp. SJ ) Defendant McGill's Package and Produce is a business entity organized under the laws of the State of North Carolina and located at 3075 South Highway 16, Maiden, North Carolina. (Compl. ¶5) Defendant Jerry McGill is the Principal / Owner of McGill's Package and Produce. (Compl. ¶5)

Joe Hand Promotions alleges that it was granted the right to distribute the *The Ultimate Fighting Championship* 66: *Chuck Liddell v. Tito Ortiz* (the"Fight"), including all undercard bouts and the entire television broadcast, scheduled for December 30, 2006, via closed circuit

1

television and via encrypted satellite signal. (Compl. ¶7) Pursuant to contract, Plaintiff was permitted to enter into subsequent agreements with North Carolina entities to allow the entities to publicly exhibit the Program to their patrons. (Compl. ¶8) According to Plaintiff, the event originated via satellite uplink, and subsequently retransmitted to cable systems and satellite companies via satellite signal. (Comp. ¶7)

Plaintiff alleges that Defendants McGill's Package and Produce ("McGill's P&P") and Jerry McGill ("McGill") willfully intercepted and published the "Fight" during the evening of December 30, 2006. Plaintiff alleges violations of the Cable Communications Policy Act, namely, unauthorized publication or use of cable communications in violation of 47 U.S.C. §§ 605(a) and (e)(4), as well as unauthorized reception of cable service in violation of 47 U.S.C. § 553.

Defendants deny all of Plaintiff's substantive allegations. (Def.s' Answer, ¶¶3, 7-15,18, 20, 23, 25, 27-29 / J. McGill Affidavit)

## II. Standard

Under Rule 56( c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In conducting its analysis, the Court views the

evidence in the light most favorable to the non-moving party. Celotex Corp., 477 U.S. at 325.

### III. Discussion

**A. Alleged Violation of The Cable Act, 47 U.S.C. § 605**

Counts One and Two of Plaintiff's Complaint allege violations of 47 U.S.C. § 605. Title 47, United States Code, Section 605(a) provides in pertinent part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Any person aggrieved by a violation of Section 605(a) may bring a private civil action against the violator and seek damages under Section 605(e)(3)(C). *See* 47 U.S.C. §605(e)(3)(C). Subsections 605(e)(l) and (2) govern willful violations and the corresponding statutory remedies.

**B. Alleged Violation of 47 U.S.C. § 553**

Count III of Plaintiff s Complaint alleges similar (overlapping) facts and asserts a violation of 47 U.S.C. § 553. Section 553 reads:

(a) Unauthorized interception or receipt or assistance in intercepting or receiving service;

3

"assist in intercepting or receiving" defined

> (l) No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
>
> (2) For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

47 U.S.C. §§ 553(a) and (b). Like Section 605, Section 553 provides for a private right of action for any person aggrieved by a violation of subsection (a)( I ). *See* 47 U.S.C. §553( c )(1). Subsection 553(b) provides the penalties for willful violation. *See* 47 U.S.C. §553(b).

**C. Application**

According to McGill, genuine issues of material fact exist such that summary judgment is inappropriate. The Court agrees. In support of its allegations, Plaintiff produces the Affidavit of Michael Duke ("Duke"), a licensed private investigator. (Pl.' s Exh. A / Duke Affidavit) Duke avers that he was physically present at McGill's P & P on December 30, 2006 at 11:50 p.m. (Id.) According to Duke, he ordered two (2) drinks from the bartender, Defendant Jerry McGill. (Id.) Duke claims that two (2) televisions within the establishment showed the "Fight" while he was there. (Id.) Duke described the televisions viewing the "Fight" as the one behind the bar, overhead to the right; and the Phillips television located in the back of the bar. (Id.) Duke states that he left at 12:13 a.m.(Id.)

In response to the allegations of Plaintiff, McGill claims that on December 30, 2006, at

4

11:50 p.m. he was "trading and doing business" as McGill's P & P; that he was "constantly present" from 12:00 p.m. until closing 2:00 a.m.; that he has three television sets, all showing the same event, by dish network; that *The Chuck Liddell v. Titorley* fight, on December 30, 2006, was not intercepted, received, or exhibited by him nor by the McGill's P & P, or any agent, servant, employee, or any other person. (J. McGill Affidavit) Rather, McGill contends that "[t]he Fight was not shown, published or viewed in any way at McGill's P & P" and that he has "never intercepted or bootlegged any sporting event or any other event." (Id.)

Because genuine issues of material fact exist as to all three causes of action alleged within Plaintiff's Complaint, summary judgment is inappropriate.

### III. ORDER

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's Motion for Summary Judgment is **DENIED**; and

2) This matter will proceed to trial by jury during the **July 2011 Trial Term in the Statesville Division,** with Calendar Call on Monday, July 11, 2011 at 10:00 AM, and Jury Selection to be held on Tuesday, July 12, 2011 at 9:30 AM.

Signed: April 22, 2011

Richard L. Voorhees
United States District Judge